**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Alex E. Tsionis, Esq.

*Attorneys for David J. Doyaga, Sr., Plaintiff-Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| BOAZ ARIK GILAD, | Case No.: 20-43233-jmm |
| Debtor. | |

-------------------------------------------------------------x

| | |
|---|---|
| DAVID J. DOYAGA, SR., Solely as Chapter 7 Trustee of the Estate of BOAZ ARIK GILAD, | Adv. Pro. No.: 22- |
| Plaintiff, | |
| -against- | |
| BLUE WATER PLUMBING INC., | |
| Defendant. | |

-------------------------------------------------------------x

## COMPLAINT

David J. Doyaga, Sr., Solely as Chapter 7 Trustee (the "Plaintiff") of the Estate of Boaz Arik Gilad (the "Debtor"), by and through his counsel, the Law Offices of Avrum J. Rosen, PLLC, respectfully submits this, as and for his complaint (the "Complaint") against Blue Water Plumbing Inc. (the "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.      This is a fraudulent conveyance action by the Plaintiff, the Chapter 7 Trustee: (i) to recover a Transfer (defined below) made by the Debtor in the sum of not less than $35,000.00, to the Defendant, within the six (6) year reach-back period, for no consideration or reasonably

1

equivalent value and while the Debtor was insolvent and/or indebted to creditors; (ii) to recover attorneys' fees and costs; together with (iii) such other, further and different relief as the Court deems just, proper and equitable.

2. The Plaintiff brings this action here because the Plaintiff is the Chapter 7 Trustee of the Debtor's estate.

3. In this suit, the Plaintiff seeks to recover for two separate categories of damages.

4. *First*, the Plaintiff seeks to recover a Transfer of money made by the Debtor to the Defendant in the amount of $35,000.00, or in an amount to be determined at trial but not less than $35,000.00.

5. *Second*, under the New York Debtor and Creditor Law (the "DCL")[1], the Defendant is liable for the Plaintiff's attorneys' fees and costs in bringing this action.

## JURISDICTION AND VENUE

6. This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of New York and is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(A), (B), (E), (F), (H), and (O) and 1334, and Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

8. This Court is the proper venue for this adversary proceeding in accordance with 28 U.S.C. § 1409(a).

---

[1] On December 6, 2019, then-Governor Andrew Cuomo signed into law a new fraudulent transfer statute to replace the New York Fraudulent Conveyance Act ("NYFCA"), which has been in place in New York since 1925. The new law, entitled the New York Voidable Transactions Act (the "NYVTA"), is intended to modernize the existing statute and bring New York law in line with federal law and the law in most other states. The NYVTA became effective in New York on April 4, 2020. It will apply only to transactions on or after April 4, 2020. Therefore, this action is governed by the NYFCA.

9. The statutory predicates for the relief sought herein include sections 105, 323, 502, 541, 542, 544, 548 and 550 of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6009 and 7001, sections 273, 274, 275, 276 and 276-a of the DCL, New York common law and any common law, rule, regulation and/or any applicable law of any other jurisdiction in which assets that are property of the estate currently unknown to the Plaintiff are located.

10. Pursuant to Bankruptcy Rule 7008, the Plaintiff consents to the entry of final orders and judgments by the Court presiding over this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## THE PARTIES

11. The Plaintiff is the Chapter 7 Trustee herein. The Plaintiff has a mailing address of 26 Court Street, Suite 1601, Brooklyn, New York 11242. The Plaintiff is authorized to file this action under section 323 of the Bankruptcy Code and Bankruptcy Rule 6009.

12. Upon information and belief, the Defendant is an active domestic business corporation formed and existing under the laws of the State of New York. Public records reflect that the address for service of process for the Defendant is Ralph Casella, Esq., 1200 South Ave., Ste. 201, Staten Island, New York 10314. In addition, upon information and belief, the Defendant maintains an address for the conduct of business at 75-14 Jamaica Ave, Woodhaven, New York 11421. Upon information and belief, the Defendant's President is Mr. Hector Asencio.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

**A.     The Bankruptcy Filing and Appointment of the Plaintiff**

13.    On September 3, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

14.    The Plaintiff was appointed interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, became the permanent Chapter 7 Trustee of the Debtor's estate.

15.    The Debtor is represented by counsel.

**B.     The Predicate Debt**

16.    The Debtor was indebted to creditors as of the date of the Transfer.

17.    At the time of the Transfer, the Debtor maintained a line of credit/credit card account with Capital One ("Capital One") with an account number ending in x8106.

18.    Commencing with the October 4, 2018 through the November 3, 2018 billing cycle, the Debtor was obligated to Capital One in the amount of $17,999.00.

19.    The Debtor carried over the above-mentioned balance and, as of the November 4, 2018 to the December 3, 2018 billing cycle (following the Transfer date), the Debtor was indebted to Capital One in the amount of $7,514.89.

20.    Accordingly, the Debtor was indebted to creditors (Capital One) as of the date of the Transfer.

**C.     The Building, The Amended Offering Plan and 659 Bergen**

21.    Prior to the Petition Date, upon information and belief, the Debtor had an interest in the entity known as Bergen Heights, LLC ("Bergen"), which purchased the real property/building located at 659 Bergen Street, Brooklyn, New York 11238 (the "Building"). Pursuant to a certain Condominium Offering Plan dated April 1, 2009 (the Offering Plan"), Bergen was designated as the sponsor of the Building, which offered sixteen (16) residential units for sale.

22. The Offering Plan was later amended (the "Amended Offering Plan") to disclose, among other things, that 659 Bergen Holdings LLC ("659 Bergen") will be the substitute sponsor of the Building. According to the Amended Offering Plan, the Debtor was the principal of 659 Bergen.

23. Critically, at no point in time was the Debtor ever a sponsor of the Building in his individual capacity.

**D.  The Transfer**

24. As of the Petition Date, the Debtor, together with his non-filing spouse, Suzanne Gilad ("Suzanne"), were the joint-owners of a Capital One, N.A. checking account with an account number ending in x8709 (the "Joint Checking Account").

25. Upon information and belief, the vast bulk of the monies deposited into the Joint Checking Account was by the Debtor, and not by Suzanne.

26. Based upon the Plaintiff's review of the Debtor's Joint Checking Account statements, the Plaintiff discovered that the Debtor transferred the sum of $35,000.00, by check dated November 2, 2018, to the Defendant (the "Transfer"). A copy of the check evidencing the Transfer is annexed hereto as **Exhibit "A"**.

27. A chart detailing the Transfer is as follows:

| **Check Date** | **Acct. No.** | **Payor** | **Payee** | **Amount** |
|---|---|---|---|---|
| 11/2/2018 | x8709 | Debtor | Blue Water Plumbing | $35,000.00 |
| | | | **TOTAL:** | $35,000.00 |

28. The check is signed by the Debtor.

29. The memo line on the check states, "Boilers."

30. Based upon the Plaintiff's investigation of the Debtor's financial affairs, the Transfer was not an expense of the Debtor and the Debtor had no obligation to the Defendant or

5

to remit the Transfer. Rather, the Transfer was an expense of 659 Bergen, the sponsor of the Building, which the Transfer was used to repair the Building's gas lines and boilers.

31. Upon information and belief, the funds from the Joint Checking Account, which were used to pay the Transfer, were paid from funds belonging entirely to the Debtor, not Suzanne.

32. The Transfer is in the possession, custody or control of the Defendant, a noncustodial third party.

33. The Transfer constitutes property of the estate.

34. The Transfer is a type that the Plaintiff could use pursuant to section 363 of the Bankruptcy Code.

35. The aggregate value of the Transfer – $35,000.00 – is not of inconsequential value or benefit to the estate.

36. The Transfer was made within the six (6) year reach-back period.

37. The Transfer was made at a time when the Debtor was insolvent, or the Transfer rendered the Debtor insolvent.

38. The Debtor received no consideration or reasonably equivalent value for the Transfer. In fact, the Transfer was used for the repair of the Building's gas lines and boilers, which benefited 659 Bergen, an entity other than the Debtor.

39. At the time of the Transfer, the Debtor was indebted to creditors and the Debtor was not paying his obligations as they became due and owning.

40. As of the date of the Transfer, there were actual existing unsecured creditors holding claims allowable under section 502(e) of the Bankruptcy Code, who could have avoided the Transfer under the DCL.

41. The Transfer was made by the Debtor, to the Defendant, with actual intent to hinder, delay, or defraud the Debtor's creditors.

42. The Transfer was not earmarked for the Debtor, and the Defendant was not a mere conduit.

### E. The Plaintiff is Entitled to Attorneys' Fees

43. Section 276-a of the DCL allows a Plaintiff to recover their attorneys' fees in a fraudulent conveyance action.

44. This is a fraudulent conveyance action. Thus, the Defendant is liable for the Plaintiff's attorneys' fees and costs incurred in bringing this action.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Property and Turn Over of Property of the Estate under 11 U.S.C. §§ 541 and 542)

45. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "44" as if set forth fully herein.

46. The Debtor has a legal and equitable interest in the Transfer.

47. The Debtor's legal and equitable interest in the Transfer is property of the Debtor's estate.

48. The Defendant had no right or entitlement to the Transfer or the benefit thereof.

49. By reason of the foregoing, and in accordance with sections 541 and 542 of the Bankruptcy Code, the Plaintiff is entitled to the entry of an order and judgment directing the Defendant to turn over the Transfer in an amount as yet undetermined, but in no event believed to be less than $35,000.00, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

## SECOND CLAIM FOR RELIEF
### (Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(B))

50. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "49" as if set forth fully herein.

51. The Transfer was made within six (6) years of the Petition Date.

52. The Debtor received no consideration or reasonably equivalent value in exchange for the Transfer.

53. Upon information and belief, the Debtor: (a) was insolvent on the date of the Transfer or became insolvent as a result of the Transfer; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with him was an unreasonably small capital; or (c) intended to incur or believed that he would incur debts beyond his ability to pay as they matured.

54. At the time of the Transfer, the Debtor was insolvent, or had incurred, or was intending to incur, debts beyond his ability to pay them as they became due.

55. At the time of the Transfer, the Debtor knew, or should have known, his creditors held claims against him.

56. The Transfer constitutes a fraudulent transfer under section 548(a)(1)(B) of the Bankruptcy Code.

57. By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Transfer pursuant to sections 548(a)(1)(B) and 550 of the Bankruptcy Code and a judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $35,000.00, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

### THIRD CLAIM FOR RELIEF
### (Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(A))

58. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "57" as if set forth fully herein.

59. The Transfer was made within six (6) years of the Petition Date.

60. At the time of the Transfer, the Debtor knew, or should have known, that his creditors held claims against him.

61. Upon information and belief, the Transfer was made by the Debtor with the intent to hinder, delay, or defraud his creditors.

62. The Transfer constitutes a fraudulent transfer under section 548(a)(1)(A) of the Bankruptcy Code.

63. By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Transfer pursuant to sections 548(a)(1)(A) and 550 of the Bankruptcy Code and a judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $35,000.00, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

### FOURTH CLAIM FOR RELIEF
### (Recovery of Fraudulent Transfer under § 11 U.S.C. § 550)

64. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "63" as if set forth fully herein.

65. Section 550(a) of the Bankruptcy Code provides in relevant part:

> [T]o the extent that a transfer is avoided under section 544, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from . . . the initial transferee of such transfer or the entity for whose benefit such transfer was made; or . . . any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a).

66. Under section 550(a) of the Bankruptcy Code, the Plaintiff may recover the Transfer or the value thereof.

67. By reason of the foregoing, the Plaintiff is entitled to an order recovering the Transfer, or the value thereof, pursuant to section 550 of the Bankruptcy Code and a judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $35,000.00, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

**FIFTH CLAIM FOR RELIEF**
**(Fraudulent Transfer under § 273 of the DCL)**

68. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "67" as if set forth fully herein.

69. The Transfer was made within six (6) years of the Petition Date.

70. At the time of the Transfer, the Debtor was insolvent or was thereafter rendered insolvent.

71. Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Transfer.

72. The Transfer constitutes a fraudulent transfer in violation of section 273 of the DCL.

73. Under sections 544(b) and 550 of the Bankruptcy Code, and section 273 of the DCL, the Plaintiff may avoid the Transfer.

74. By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Transfer pursuant to section 273 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $35,000.00, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## SIXTH CLAIM FOR RELIEF
### (Fraudulent Transfer under § 274 of the DCL)

75. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "74" as if set forth fully herein.

76. The Transfer was made within six (6) years of the Petition Date.

77. At the time of the Transfer, the Debtor was engaged in or was about to engage in a business or transaction for which the property remaining in his hands after the Transfer was an unreasonably small capital.

78. Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Transfer.

79. The Transfer constitutes a fraudulent transfer in violation of section 274 of the DCL.

80. Under sections 544(b) and 550 of the Bankruptcy Code, and section 274 of the DCL, the Plaintiff may avoid the Transfer.

81. By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Transfer pursuant to section 274 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $35,000.00, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## SEVENTH CLAIM FOR RELIEF
### (Fraudulent Transfer under § 275 of the DCL)

82. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "81" as if set forth fully herein.

83. The Transfer was made within six (6) years of the Petition Date.

84. At the time of the Transfer, the Debtor intended or believed that he would incur debts beyond his ability to pay as they matured.

85. Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Transfer.

86. The Transfer constitutes a fraudulent transfer in violation of section 275 of the DCL.

87. Under sections 544(b) and 550 of the Bankruptcy Code, and section 275 of the DCL, the Plaintiff may avoid the Transfer.

88. By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Transfer pursuant to section 275 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $35,000.00, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

### EIGHTH CLAIM FOR RELIEF
### (Fraudulent Transfer under § 276 of the DCL)

89. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "88" as if set forth fully herein.

90. Upon information and belief, the Transfer was made by the Debtor with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor in violation of section 276 of the DCL.

91. Under sections 544(b) and 550 of the Bankruptcy Code, and section 276 of the DCL, the Plaintiff may avoid the Transfer.

92. By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Transfer pursuant to section 276 of the DCL and judgment against the Defendant in an amount as yet

undetermined, but in no event believed to be less than $35,000.00, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## NINTH CLAIM FOR RELIEF
### (Fraudulent Transfer under § 276-a of the DCL)

93. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "92" as if set forth fully herein.

94. The Transfer was made by the Debtor and received by the Defendant with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

95. The Transfer was received by the Defendant with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

96. The Transfer constitutes a fraudulent transfer of the Debtor's assets in violation of section 276-a of the DCL.

97. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant, under section 276-a of the DCL, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action.

## TENTH CLAIM FOR RELIEF
### (Unjust Enrichment Under New York Law)

98. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "97" as if set forth fully herein.

99. The Defendant was enriched as a result of the Transfer.

100. The enrichment of the Defendant was at the expense of the Debtor.

101. The circumstances relating to the Transfer are such that equity and good conscience require the Defendant to compensate the Debtor's estate.

102. By reason of the foregoing, the Plaintiff is entitled to an order and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $35,000.00, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

[*Remainder of Page Intentionally Left Blank*]

## RESERVATION OF RIGHTS

103. During the course of this adversary proceeding, the Plaintiff may learn (through discovery or otherwise) of additional causes of action. Accordingly, the Plaintiff reserves his right to amend this Complaint to include: (i) further information regarding the allegations herein; (ii) revisions to the Defendant's name; (iii) additional defendants; (iv) additional causes of action; and/or (v) to seek recovery of such additional transfers (the "<u>Amendments</u>"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the Complaint.

**WHEREFORE**, the Plaintiff respectfully demands: (i) judgment against the Defendant consistent with the allegations set forth in the Complaint; together with (ii) such other, further and different relief that this Honorable Court deems just, proper and equitable under the facts and circumstances herein.

Dated: January 11, 2022  
      Huntington, New York

Respectfully submitted,

**Law Offices of Avrum J. Rosen, PLLC**

By:    */s/ Avrum J. Rosen*  
      Avrum J. Rosen, Esq.  
      Alex E. Tsionis, Esq.  
      38 New Street  
      Huntington, New York 11743  
      (631) 423-8527  
      arosen@ajrlawny.com  
      atsionis@ajrlawny.com

      *Counsel to David J. Doyaga, Sr.*  
      *Solely as Chapter 7 Trustee of the*  
      *Estate of Boaz Arik Gilad*